# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 97 C 177 | **DATE** | 12/6/2000 |
| **CASE TITLE** | In Re: In Re: Systems Software, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Enter memorandum opinion and order. Plaintiffs' motion for class certification is granted. The certified class shall be defined as: all persons who purchased the common stock of System Software Associates, Inc., during the period of 8/22/94 through and including 11/20/94 and those who purchased common stock during the period of 11/21/94 through and including 1/7/97 who sold their stock prior to 1/7/97 and who suffered damages as a result. Excluded from the class are the defendants (Systems Software Associates, Inc. and related entities Roger E. Covey, Terrence H. Osborne, Terry E. Notari, Joseph Skarda, and Larry F. Ford); members of the individual defendant's families; any entity in which any defendant has a controlling interest or which is a parent or subsidiary of or is controlled by System Software Associates, Inc.; and officers, directors, employees, affiliates, legal representatives, heirs, predecessors, successors, and assigns of any excluded person or entity. Status hearing set for 12/13/00 stricken.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | DEC 0 8 2000 | |
| | Notified counsel by telephone. | | date docketed | 27 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | JD | courtroom deputy's initials | 00 DEC -6 PM 3:45 | date mailed notice |
| | | | Date/time received in central Clerk's Office | mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKT
DEC 0 8 2000

IN RE: SYSTEMS SOFTWARE )
ASSOCIATES, INC. SECURITIES )
LITIGATION )
)
) Master File No. 97 C 177
)
THIS DOCUMENT RELATES TO )
ALL ACTIONS. ) Judge John W. Darrah

## MEMORANDUM OPINION AND ORDER

Plaintiffs bring this action against defendants, System Software Associates, Inc. (SSA) and certain of its officers, Roger E. Covey, Terence H. Osborne, Terry E. Notari, Josepf Skadra, and Larry F. Ford, for alleged violations of Sections 10(b) and 20(a) of the Securities Exchange Act, 15 U.S.C. §§ 78j(b), 78t. Currently before the Court is plaintiffs' Motion for Class Certification.

On March 8, 2000, the Court entered an Memorandum Opinion and Order, granting in part and denying in part defendant's Motion to Dismiss (*In re Software Associates, Inc., Sec. Litig.*, No. 97 C 177, 2000 WL 283099 (N.D. Ill. Mar. 8, 2000) (*Software Associates I*)). The factual background for the instant Opinion and Order is set out at pages 1-8 of the March 8, 2000 opinion and need not be reiterated herein. In *Software Associates I*, previous plaintiffs consisting of purchasers of SSA stock between November 21, 1994 and January 7, 1997 who still held that stock on January 7, 1997, were dismissed from the case based on the defense of *res judicata* arising out of a previously resolved state class action.

I. PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

Plaintiffs here seek class certification under Rule 23(b)(3) of: "All purchasers of SSA stock during the period of August 22, 1994 through and including November 20, 1994 [Early Class] and all purchasers during the period between November 21, 1994 through and including January 7, 1997

who sold their stock prior to January 7, 1997 [In and Out Purchasers]."[1] Defendants argue class certification should be denied because the plaintiffs have failed to establish the Rule 23 requirements as set out below.

## II. ANALYSIS

Allegations made in support of class certification are considered true (*Hardin v. Harshbarger*, 814 F. Supp. 703, 706 (N.D. Ill. 1993)); and, as a general matter, this Court does not examine the merits of the case (*Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 598 (7th Cir. 1993)). However, a court "may look beyond the pleadings to determine whether the requirements of Rule 23 have been satisfied." *Dhamer v. Bristol-Myers Squibb Co.*, 183 F.R.D. 520, 529-30 (N.D. Ill 1998), citing *Castano v. American Tobacco Co.*, 84 F.3d 734, 744 (5th Cir. 1996). "A court must understand the claims, defenses, relevant facts and applicable substantive law in order to make a meaningful determination of certification issues." *Dhamer*, 183 F.R.D. at 530.

To receive class certification, plaintiffs must satisfy all four elements of Rule 23(a), which include: numerosity, commonality, typicality, and adequacy of representation. Fed. R. Civ. P. 23(a). Plaintiff must also satisfy at least one of the three provisions under Rule 23 (b).

A. Rule 23(a) Requirements

Numerosity and Commonality

Rule 23(a)(1) requires that the class be so numerous that joinder of all the members is impracticable. Fed. R. Civ. P. 23(a)(1). Plaintiff need not demonstrate the exact number of class members so long as a conclusion is apparent from good faith estimates (*Peterson v. H & R Block*

---

[1] The designation of "Early Class", "In and Out Purchasers", and "Purchasers and Holders" are taken from *Software Associates I*.

2

*Tax Servs.*, 174 F.R.D. 78, 81 (N.D. Ill. 1997)) and the court is entitled to make "common sense assumptions" in order to support a finding of numerosity (*Grossman v. Waste Management, Inc.*, 100 F.R.D. 781, 785 (N.D. Ill. 1984)). Furthermore, in securities fraud suits involving nationally traded securities, numerosity may be assumed. See *Zeidman v. J. Ray McDermott & Co.*, 651 F.2d 1030, 1039 (5th Cir 1981); *Fry v. UAL Corp.*, 136 F.R.D. 626, 630 (N.D.Ill. 1991) (applying *Zeidman* presumption in nationally traded security).

Defendants argue the possibility of further exclusion of some plaintiffs based on *res judicata* demonstrates that plaintiffs have not met the numerosity requirement. Plaintiffs allege approximately 42.3 million shares of SSA common stock outstanding held by thousands of shareholders of record. Plaintiffs have met the numerosity requirement. Defendant does not challenge certification based on commonality. Therefore, the Court need not address this requirement and finds it has been established by the plaintiffs.

Typicality

The typicality requirement of Rule 23(a)(3) is closely related to the commonality requirement of Rule 23(a)(2). *Ruiz v. Stewart Associates, Inc.*, 171 F.R.D. 238, 242 (N.D. Ill. 1997). A plaintiff's claim is typical if it arises from the same event or practice or course of action that gives rise to the claims of other class members and if his or her claims are based on the same legal theory. *Rosario*, 963 F.2d at 1018. Defenses that are peculiar to named plaintiffs or a subset of the plaintiff class may destroy the typicality of the class as well as bring into question the adequacy of the named plaintiffs' representation. *J.H. Cohn & Co. v. American Appraisal Associates, Inc.*, 628 F.2d 994, 999 (7th Cir. 1980). However, a unique defense is merely a factor that informs the court's decision on class certification and need not destroy typicality. *Williams v. Gill*, 572 F.Supp. 509, 518

(N.D.Ill. 1983). Typicality is only destroyed where the defenses against named plaintiffs are likely to consume a significant portion of the litigant's time and energy and where there is a danger that preoccupation with defenses unique to the representatives will cause absent class members to suffer. *In re CBC Companies, Inc.*, 181 F.R.D. 380, 385 (N.D. Ill. 1998).

Defendants argue that the class is atypical because nine of the thirteen named plaintiffs have been dismissed from the suit or released defendants from the claims asserted in this action, and these unique defenses will detract attention from the claims of absent class members. Although defendant's defenses may ultimately impact nine of the named plaintiffs' ability to recover, based on the defenses and the required proofs of each, they should not require a significant amount of time to resolve or detract attention from absent class members' claims. See *Gaspar v. Linvatec Corp.*, 167 F.R.D. 51, 58 (N.D.Ill. 1996) (defenses of release, tender of laches unique to some class members did not prohibit finding of typicality).

Defendants also argue the remaining four named plaintiffs' claims and injuries are not typical of the proposed class because they purchased their stocks during a short period of time (May, June, July of 1996) of the proposed class period, including August 22, 1994 through November 20, 1994, which would include both In and Out Purchasers and Purchasers and Holders (the "Early Class"). This argument is not convincing. First, the representative plaintiffs need not be identical in order to be typical. Second, the putative class members' claims would all arise from the same basic course of conduct by defendant and are based on the same legal theory, irregardless of when an individual class representative purchased shares. See *Blackie v. Barrack*, 524 F.2d 891, 902 (9th Cir. 1975 (upholding class certification where alleged securities fraud involved 45 documents issued over a course of 27 months); *In re General Instrument Corp.*, at * 5 (finding typicality for class period

4

beginning March 21, 1995, although class representatives first purchased stock on June 20, 1995). The typicality requirement is met.

Adequacy of Representation

The class representatives must "fairly and adequately protect the interests of the class." Fed.R.Civ.P. 23(a). In determining adequacy of class representation, the court considers whether (1) any conflicts of interest exist between the named plaintiffs and the class members and (2) the named plaintiffs' counsel will adequately protect the interests of the class. *Gaspar*, 167 F.R.D. at 58.

Defendants first argue that the named plaintiffs do not have a direct interest in proving claims of all absent class members because of their limited purchases. The defendants' argument is not convincing. "Confronted with a class of purchasers allegedly defrauded over a period of time by similar misrepresentations, courts have taken the common sense approach that the class is united by a common interest in determining whether a defendant's course of conduct is in its broad outlines actionable, which is not defeated by slight differences in class members' positions, and that the issue may profitably be tried in one suit." *Blackie*, 524 f.2d at 902.

In a related argument, defendants allege that the named plaintiffs have interests that are antagonistic to those of absent class members because of the different time and price at which plaintiffs purchased their stocks. Defendants' argument and the seminal case cited by defendants (*In re Seagate Technology II*, 843 F.Supp. 1341 (N.D.Cal. 1994) have been rejected by the courts. See *e.g.*, *Blackie*, 524 F.2d at 908; *In re General Instrument*, at * 4; *In re Gamming Lottery Sec Litig.*, 58 F.Supp.2d 62, 69 (S.D.N.Y. 1999); *Freedman v. Louisiana Pacific Corp.*, 922 F.Supp. 377, 401 (D. Ore. 1996). The courts acknowledge that a conflict of interest between early and late

purchasers is theoretically possible; however, the theoretical conflict is outweighed by the practical considerations of securities litigation. See *Blackie*, 524 F.2d at 908; *In re general Instrument*, * 4 ("the only way to completely avoid the potential for conflict would be to certify different classes for each day of the class period"); *see also Ziemack v. Centel Corp.*, 164 F.R.D. 477, 483 (N.D.Ill. 1995) ("Some antagonism of interests within a plaintiff class is tolerable and inevitable.").

Defendants also argue plaintiffs' counsel neglected to investigate the alleged defenses against nine of the thirteen named plaintiffs demonstrating they are inadequate representatives to the instant litigation. The Court finds defendants' argument unpersuasive. Plaintiffs' counsel are experienced in federal securities class action litigation and presently represent some of the same plaintiffs of this case in a related class action suit in which plaintiffs' motion for class certification was granted (*Retsky v. Price Waterhouse*, No. 97 C 7694, 1999 WL 543209 (N.D.Ill. July 23, 1999)).

B. Rule 23(b)(3) Requirements

Plaintiffs seek class certification under Rule 23(b)(3). Rule 23(b)(3) provides that a class action may be maintained if "questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to the available methods for the fair and efficient adjudication of the controversy." Fed.R.Civ.P. 23(b)(3).

Defendants argue common issues do not predominate because of the length of the class period and the multiple (27) separate alleged misstatements involve numerous events at varying times and a class action is not a superior method of adjudication.

The Court finds that the requirements of Rule 23(b)(3) are met. The principal issues of law and fact relate to defendants' alleged misrepresentations. These issues are common to the members

of the class and predominate over any questions affecting only individual members. Furthermore, a class action is superior to any other method of adjudication for the fair and efficient adjudication of this controversy. There is a "strong policy favoring class actions in securities fraud actions." *Grossman v. Waste Management Inc.*, 100 F.R.D. 781, 784 (N.D.Ill. 1984), citing *King v. Kansas City Southern Industries, Inc.*, 519 F.2d 20, 26 (7th Cir. 1975). "In a securities fraud action, 'any error, if there is one, should be committed in favor of allowing a class action.'" *In re General Instrument Corp.*, 1999 WL 1072507 (N.D. Ill. Nov. 18, 1999), quoting *Eisenberg v. Gagnon*, 766 F.2d 770, 785 (3rd Cir. 1985).

IT IS THEREFORE ORDERED:

A. The Plaintiffs' Motion for Class Certification is granted.

B. The certified class shall be defined as:

> All persons who purchased the common stock of System Software Associates, Inc., during the period of August 22, 1994 through and including November 20, 1994 and those who purchased common stock during the period of November 21, 1994 through and including January 7, 1997 who sold their stock prior to January 7, 1997 and who suffered damages as a result. Excluded from the class are the defendants (Systems Software Associates, Inc. and related entities Roger E. Covey, Terence H. Osborne, Terry E. Notari, Joseph Skarda, and Larry F. Ford); members of the individual defendant's families; any entity in which any defendant has a controlling interest or which is a parent or subsidiary of or is controlled by System Software Associates, Inc.; and officers, directors, employees, affiliates, legal representatives, heirs, predecessors, successors, and assigns of any excluded person or entity.

Dated: December 6, 2000

JOHN W. DARRAH
United States District Judge